UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN R. ANDOE,<br><br>                      Plaintiff,<br><br>     v.<br><br>JOSH TEWALT; CHRIS JOHNSON; CORIZON MEDICAL; PHARMACORR; N.P. ANTHONY REECE; and LPN KELLY GRIPHIN,<br><br>                    Defendants. | Case No. 1:20-cv-00266-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff John R. Andoe's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.      Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2)(B) & 1915A(b).

## 2.    Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim

for relief under Rule 8 if the factual assertions in the complaint, taken as true, are

insufficient for the reviewing court plausibly "to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more

than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal

quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's

liability," or if there is an "obvious alternative explanation" that would not result in

liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at

678, 682 (internal quotation marks omitted). And, a court is not required to comb through

exhibits or other filings to determine if the complaint states a plausible claim.[1]

## 3.    Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction

("IDOC"), currently incarcerated at the Idaho State Correctional Center. Plaintiff alleges

that he has severe acid reflux disease and that it is being treated with omeprazole.

---

[1] Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Dkt. No. 3-1, exclusive of Plaintiff's "Statement of Case" and "Affidavit of Facts of Claim" found at Dkt. Nos. 3-2 and 3-3. *See also* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(c) ("No affidavits may be attached to a complaint or any type of amended complaint.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

A health care provider working for Corizon, Inc., the private entity providing Idaho inmates with medical treatment under contract with the IDOC, prescribed omeprazole for Plaintiff in two daily dosages. Plaintiff was to take 40 milligrams each morning and 20 milligrams each evening. Therefore, the health care provider issued two separate orders for omeprazole. *Compl.*, Dkt. 3-1, at 2.

However, someone canceled one of the two orders, so Plaintiff was forced to go without one of these dosages for a period of time. Plaintiff first claims that IDOC Director Josh Tewalt[2] canceled the order, though the Director is not a health care provider and, therefore, does not prescribe or cancel medication. *Id*. Plaintiff also appears to allege that Pharmacorr, a company evidently supplying Corizon with prescription drugs for the prison, canceled the order. *Id*. at 4. However, Plaintiff also states that Chris Johnson, a Corizon administrator, was the one who "forced [Plaintiff] to go without" the proper dosages of omeprazole. *Id*. at 3. It is unclear, therefore, who actually canceled the order. Whoever canceled the order apparently did so because they saw two orders for omeprazole for the same inmate and believed it to be a mistake. *Id*. at 4 (alleging that Pharmacorr "[went] so far as to cancel one order because there is an order of same med but different times of med").

In April 2020, Plaintiff was evaluated by N.P. Anthony Reece, who prescribed unidentified "meds for severe acid reflux desease [sic] and LFT shoulder issue, allegedly good til October." *Id*. at 5. Certain medications were not ordered. Because Plaintiff

---

[2] The Court takes judicial notice that Josh Tewalt, rather than "Josh Dewalt," is the director of the IDOC.

alleges that the cancellation of the omeprazole order occurred on various dates as far back as February 2020, *see* id. at 2–3, it appears that the April 2020 evaluation and resulting failure to order medication was a separate incident from the omeprazole order cancellation. Reece also allegedly "did not write [Plaintiff's] tylenol order properly." *Id*.

Plaintiff claims that he has submitted Health Services Requests, or HSRs, to LPN Kelly Griphin, the sick call nurse who provided medication to inmates. Griphin "allegedly ordered meds, and has not done as she alleged." *Id*. at 6. Plaintiff made Griphin aware, "by personal discussions at pharmacy window, pill cart, and in medical[,] of severity of acid reflux desease [sic] LFT shoulder issue." *Id*.

### 4.      Discussion

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

#### A.      *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials and prison medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09.

To bring a § 1983 claim against a municipality (local governmental entity) or a private entity performing a government function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function). Under *Monell*, the requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Further, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper

custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff asserts his § 1983 claims under the Eighth Amendment to the United States Constitution, which protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, prisoners must plausibly allege that they are "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The Eighth Amendment includes the right to adequate medical and mental health treatment in prison. Prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

As to the subjective standard, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with "deliberate indifference...only if the [prison official or provider] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

*Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at

837).

In the medical context, deliberate indifference can be "manifested by prison

doctors in their response to the prisoner's needs or by prison guards in intentionally

denying or delaying access to medical care or intentionally interfering with the treatment

once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). Medical malpractice or

negligence does not support a cause of action under the Eighth Amendment, *Broughton v.*

*Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam), and a delay in medical

treatment does not violate the Eighth Amendment unless that delay causes further harm,

*McGuckin*, 974 F.2d at 1060. Additionally, there is no constitutional right to an outside

medical provider of one's own choice. *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th

Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical

care additional and supplemental to the medical care provided by the prison staff within

the institution.").

"If a [prison official] should have been aware of the risk, but was not, then the

[official] has not violated the Eighth Amendment, no matter how severe the risk."

*Gibson*, 290 F.3d at 1188. If medical personnel have been "consistently responsive to [the

inmate's] medical needs," and the plaintiff has not shown that the medical personnel had

"subjective knowledge and conscious disregard of a substantial risk of serious injury,"

there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

Differences in judgment as to appropriate medical diagnosis and treatment

between an inmate and prison medical providers—or, for that matter, between medical

providers—are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*,

891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between

alternative courses of treatment, a prisoner must show that the chosen course of treatment

'was medically unacceptable under the circumstances,' and was chosen 'in conscious

disregard of an excessive risk' to the prisoner's health." *Toguchi*, 391 F.3d at 1058

(alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Stated another way, a plaintiff must plausibly allege that medical providers chose one

treatment over the plaintiff's preferred treatment "even though they knew [the plaintiff's

preferred treatment] to be medically necessary based on [the plaintiff's] records and

prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D.

Cal. 2015).

Non-medical prison personnel generally are entitled to rely on the opinions of

medical professionals with respect to the medical treatment of an inmate. However, if "a

reasonable person would likely determine [the medical treatment] to be inferior," the fact

that an official is not medically trained will not shield that official from liability for

deliberate indifference. *Snow*, 681 F.3d at 986 (internal quotation marks omitted); *see

also McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013) (stating that non-medical

personnel may rely on medical opinions of health care professionals unless "they have a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner") (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

The Complaint does not state a plausible Eighth Amendment claim against any Defendant. As for the individual Defendants, Plaintiff's allegations do not give rise to a reasonable inference that they were subjectively aware of a substantial risk to Plaintiff's health yet deliberately disregarded that risk. Indeed, the "obvious alternative explanation" is that the person who canceled one of the two omeprazole orders did so because they believed that two orders of the same medication for the same inmate had been a mistake. *Iqbal*, 556 U.S. at 682. Further, writing out an order for Tylenol incorrectly or neglecting to order a medication does not plausibly suggest subjective deliberate indifference.

With respect to Defendants Corizon and Pharmacorr, there is nothing in the Complaint to suggest that the cancellation of the omeprazole or any other medication was the result of a policy or custom of either entity. *See Monell*, 436 U.S. at 694; *Tsao*, 698 F.3d at 1139. For these reasons, Plaintiff's Eighth Amendment claims are implausible.

### B.     State Law Claims

In addition to § 1983 claims, Plaintiff asserts state law claims under Article I, section 6 of the Idaho Constitution, which—like the Eighth Amendment—prohibits cruel

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

and unusual punishment. *Compl.* at 3–6. Idaho's protection against cruel and unusual punishment is coextensive with the Eighth Amendment. *Williams v. State*, 283 P.3d 127, 139 (Idaho Ct. App. 2012) ("In the context of other Eighth Amendment questions, the Idaho Supreme Court has generally held that the equivalent provisions in the Idaho Constitution provide co-extensive protection."). Therefore, the Complaint fails to state a plausible state law claim, under Article I, section 6, for the same reason it fails to state a plausible Eighth Amendment claim.

## 5.     Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that Plaintiff can meet the *Monell* requirements (explained in detail above) if Plaintiff continues to name Corizon and Pharmacorr as defendants.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court

erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.     The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14

Voluntary Dismissal if Plaintiff no longer intends to pursue this case.

2.      Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: August 14, 2020

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 15